**William CECIL, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, FAA, Respondent.**

**Appeal No. 83–1168.**

United States Court of Appeals, Federal Circuit.

July 12, 1985.

Andrew Mead von Salis, Solerwitz, Solerwitz & Leeds, of Mineola, N.Y., for petitioner. With him on the brief was Jack B. Solerwitz, Mineola, N.Y.

Sandra P. Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., for respondent. With her on the brief were J. Paul McGrath, Asst. Atty. Gen. and David M. Cohen, Washington, D.C., Director.

Before FRIEDMAN, Circuit Judge, MILLER,* Senior Circuit Judge, and NIES, Circuit Judge.

PER CURIAM.

This is an appeal from a decision of the Merit Systems Protection Board ("MSPB") sustaining the Department of Transportation Federal Aviation Administration's ("agency") removal of petitioner for his participation in an illegal strike against the Government and absence without leave. We affirm that decision on the basis of the MSPB's opinion, and, because we conclude that the appeal is frivolous, assess costs and attorney fees of five hundred dollars ($500) jointly and severally against petitioner and his attorney.

* Judge Miller assumed senior status effective June 6, 1985.

Proceedings before the MSPB in this case were originally consolidated with those in a number of other appeals styled *Adams v. Department of Transportation,* 15 M.S.P.R. 72 (1983). The MSPB's decision with respect to Mr. Adams and nine other petitioners, including Mr. Cecil, was affirmed by this court in *Adams v. Department of Transportation, FAA,* 735 F.2d 488 (Fed.Cir.), *cert. denied sub nom. Schapansky v. Department of Transportation,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). In *Adams,* this court held that the agency's evidence was sufficient to make its *prima facie* case against petitioner. Thereafter, an individual petitioner had the opportunity to prosecute his appeal further, should he believe that issues present in his case had not been considered and decided in other decisions of this court. 735 F.2d at 494. Petitioner Cecil through counsel subsequently filed another brief.

All of the arguments raised by petitioner in his briefs at this stage have been addressed by the MSPB and this court previously. Notably among them is the assertion that the MSPB's decision that the agency had presented a *prima facie* case of petitioner's participation in the strike is not supported by substantial evidence, i.e., that the testimony of the facility chief was not probative because it was based upon the agency's time and attendance reports, which are hearsay and therefore "weak." The argument that the agency's records were inadequate was considered and rejected by this court in *Dorrance v. Department of Transportation, FAA,* 735 F.2d 516 (Fed.Cir.), *cert. denied sub nom. Schapansky v. Department of Transportation,* — U.S. —, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984), decided the same day as *Adams.*

Petitioner argued during his second hearing before this court that there was an ambiguity in the agency's work schedule at least for Monday, August 3, 1981, such that it was not clear which shift of that day petitioner was required to work. As we understand petitioner's counsel's line of

reasoning, the MSPB erroneously relied on this "contradictory" evidence [1] to petitioner's detriment. His theory is that because the agency cannot prove precisely which shift petitioner missed each day of the strike, it cannot allege absence without leave for those days, and it has, therefore, failed to establish its *prima facie* case that petitioner did not report for work.

Petitioner's assertion, that the lack of precision of the records renders them "contradictory" and precludes the agency from using them as a basis for its allegations, is specious. Whether or not the agency knew for which of three shifts on August 3, 1981, petitioner was scheduled, it knew (and it is uncontested that petitioner knew) that petitioner was scheduled to work on that date. Moreover, as stated above, in *Dorrance*, this court deemed the agency's time and attendance records sufficiently clear to serve as a basis for the agency's *prima facie* case. Therefore, petitioner's presentation of this argument with full knowledge of *Dorrance* and the fact that the agency's *prima facie* case was held by this court to be sufficient is frivolous and constitutes gross misuse of the judicial system.

Petitioner does not assert, and has *never* asserted, that he reported for duty on any shift on Monday, August 3, or on any subsequent date in issue, the establishment of which would have tended to rebut the agency's *prima facie* case. If petitioner had reported for work at all between August 3 and his first regularly-scheduled shift after 11:00 a.m. August 5, he could long ago have raised this defense, either before the agency or the MSPB. This brings us to the second reason why petitioner's argument fails.

■ The defense of agency record "contradiction" was raised for the first time *not* in petitioner's briefs in the present appeal, but in the courtroom, during oral argument. It has been well established that petitioner is precluded from raising an issue in this court which could have been raised below but was not. *Synan v. Merit Systems Protection Board,* 765 F.2d 1099, 1102, (Fed.Cir.1985); *Lizut v. Department of the Army,* 717 F.2d 1391, 1396 (Fed.Cir. 1983).

■ From the foregoing, it is clear that petitioner cannot show that the MSPB's decision was either unsupported by substantial evidence or arbitrary, capricious, an abuse of discretion, not in accordance with law, or obtained by improper procedures. 5 U.S.C. § 7703(c).

■ In *Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed.Cir.1982), in which we held an appeal frivolous and assessed costs and attorney fees, we remitted the costs and attorney fees because that was the first case in which this court imposed a penalty for filing a frivolous appeal. However, we warned that from the date of *Asberry,* a frivolous appeal filed or proceeded with in this court would result in both petitioner and counsel being liable for costs and damages in accordance with Rule 38 of the Federal Rules of Appellate Procedure. *Id.* at 1382; *accord, Moir v. Department of the Treasury,* 754 F.2d 341, 343 (Fed.Cir.1985). In this case, counsel was put on notice of the consequences of filing and proceeding with a frivolous appeal by a notice referring to *Asberry* sent by the Clerk of this court.

We assess costs and attorney fees of five hundred dollars ($500) in favor of the Government against Mr. Cecil and his attorney, Jack B. Solerwitz, jointly and severally.

AFFIRMED.

---

**1.** Counsel never explained how or in relation to what other evidence any lack of clarity in the time and attendance records was a "contradiction."