William A. AMODEO, Robert A. Biancamano, Bruce R. Bonacum, John C. Brunner, Richard G. Burns, Kenneth M. Carlstrom, Charles J. Contegni, Charles Darcy, Wayne E. Ennis, James J. Finnegan, Petitioners,

v.

DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, Respondent.

Appeal Nos. 83-1162 to 83-1167 and 83-1169 to 83-1172.

United States Court of Appeals, Federal Circuit.

April 15, 1986.

Jack B. Solerwitz, Solerwitz & Leeds, Mineola, N.Y., submitted for petitioners.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Sandra Spooner, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent.

Before FRIEDMAN, Circuit Judge, MILLER, Senior Circuit Judge, and NIES, Circuit Judge.

## ORDER

FRIEDMAN, Circuit Judge.

In this order we grant the motion by the respondent Federal Aviation Administration to award it attorney fees against Jack B. Solerwitz, the petitioners' counsel.

## BACKGROUND

Jack B. Solerwitz ("Solerwitz") is counsel for the ten petitioners named in the caption. He also was counsel for the petitioner in *Cecil v. Department of Transportation, FAA,* 767 F.2d 892 (Fed.Cir.1985). The eleven petitioners challenged their removal by the Federal Aviation Administration ("FAA") from their positions as air traffic controllers for participation in the 1981 illegal strike.

In June, 1983, Solerwitz filed eleven separate, although virtually identical, petitions to review and supporting briefs. He challenged a decision of the Merit Systems Protection Board ("MSPB") that upheld the removals. The FAA, represented by the Department of Justice ("Justice"), filed a separate brief in each appeal. This court considered these eleven petitions when it decided the consolidated case of *Adams v. Department of Transportation, FAA,* 735 F.2d 488 (Fed.Cir.), *cert. denied sub nom. Schapansky v. Department of Transportation, FAA,* — U.S. ——, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984). (The board had consolidated and decided in a single opinion the eleven petitions as well as others not at issue in this appeal. *Adams v. Depart-*

*ment of Transportation,* 15 M.S.P.R. 72 (1983).)

In *Adams,* the court affirmed the MSPB decisions sustaining the removals. It stated that, although the issues raised in these eleven cases appeared to have been decided, the petitioners could prosecute further their individual appeals. It warned that this court's decision in *Asberry v. United States Postal Service,* 692 F.2d 1378 (Fed. Cir.1982), governs prosecution of frivolous appeals. *Adams,* 735 F.2d at 494. Each of the ten petitioners in this case, and Cecil, continued the prosecution of his appeal.

In February, 1985, Solerwitz filed separate supplemental briefs, again virtually identical, on behalf of the eleven former controllers. On February 26, 1985, Justice moved to suspend proceedings in these ten cases pending a decision in *Cecil.* It argued that

> [a]ll of these cases were consolidated together [at the MSPB]; thus the evidence submitted with respect to each case is identical and the arguments made by counsel on appeal here are identical. Under the circumstances, it would be a needless waste of our resources to file identical briefs in these cases and a needless waste of the Court's resources to consider each case individually.

The court granted the motion on February 28, 1985. Solerwitz did not oppose the motion, or seek timely reconsideration of the order granting it. In the Clerk's records, the certificate of service of that order contains the handwritten notation "2/28/85 No objection by petitioner."

We decided *Cecil* on July 12, 1985, and the mandate issued on August 5, 1985. We stated that "[a]ll of the arguments raised by petitioner in his briefs at this stage have been addressed by the MSPB and this court previously," 767 F.2d at 893. We assessed costs and attorney fees of $500 against Cecil and Solerwitz, jointly and severally, for prosecuting a frivolous appeal. Solerwitz did not file a petition for reconsideration by the panel or for rehearing *in banc.*

On August 7, 1985, more than three weeks after we decided *Cecil,* Justice moved for summary affirmance in these ten cases on the basis of its February motion to suspend and requested assessment of costs and attorney fees on the ground that these appeals were frivolous. It repeated the reasoning of its motion to suspend. Solerwitz did not respond to the motion, and we granted summary affirmance on August 14, 1985.

On August 26, 1985, Justice moved this court to reconsider its August 14 order to award it the costs and attorney fees it had requested in its August 7 motion. On September 5, 1985, Solerwitz filed a motion to vacate the summary affirmance and to reconsider the appeal. The motion was returned to him on September 24, 1985, on the ground that the points he raised "were foreclosed against the movants when no objection was filed in opposition to respondent's motion to suspend proceedings in these cases, pending the decision in *Cecil* ..., on the grounds that the cases were identical with *Cecil.*"

Justice filed two addenda to its motion to award costs. Following the second filing, this court ordered Solerwitz to show cause why he should not be assessed attorney fees and costs in each of these cases. *See* Fed.Cir.R. 20. Solerwitz filed a timely opposition on January 7, 1986.

## DISCUSSION

Solerwitz's pursuit of the appeals in these ten cases is just as frivolous as his appeal in *Cecil,* which we held to be frivolous and in which we assessed costs and attorney fees.

Solerwitz did not oppose or question the government's motion to suspend these ten appeals pending the decision in *Cecil.* We granted the motion on the basis of the government's statement that these cases were identical to *Cecil.* By not opposing that motion or timely challenging the suspension, Solerwitz tacitly acquiesced in the government's view that the cases were identical.

When we affirmed in *Cecil,* it therefore followed that we also would affirm in these

cases. Solerwitz, however, did not promptly withdraw these appeals, or even timely oppose the government's motion for summary affirmance, which was filed more than three weeks after we decided *Cecil.* In the circumstances, there was no possible justification for his continued pursuit of these appeals.

The various grounds upon which Solerwitz seeks to avoid the assessment of costs and attorney fees against him are unpersuasive.

1. Solerwitz attempts to distinguish his prosecution of these appeals from those that this court has determined to be frivolous on the ground that these appeals were not "filed" in bad faith in 1983. In *Asberry,* however, we pointed out that "a frivolous appeal filed or proceeded with in this court will result in imposition of damages and costs upon appellant and counsel...." 692 F.2d at 1382. *Asberry* was brought to Solerwitz's attention when he pursued these appeals.

2. Solerwitz states in an affidavit submitted with his Opposition:

Whether or not Mr. Cecil struck the FAA has no bearing whatsoever on whether these petitioners struck the FAA. There is no allegation, much less any proof, that the employees acted jointly or even similarly. Your deponent, as petitioner's counsel, did not know and could not possibly have known that the Court would deem the cases identical. Respondent's statement in its motion that, because the M.S.P.B. wrote a consolidated decision, "thus the evidence submitted with respect to each case is identical" is absurd; respondent specifically relies upon different specifications in its charges of misconduct, and the voluminous Appendix presents wholly different evidence with respect to the acts of each petitioner and the scanty agency records thereof.

Solerwitz, however, never attempted timely to answer or refute the government's statement in its motion to stay that these cases were identical to *Cecil.* He made no effort in his briefs to distinguish these ten cases from previously decided cases or from each other until Justice filed its request for fees. Solerwitz' argument that he "did not know and could not possibly have known that the Court would deem the cases identical" when it summarily affirmed these appeals in August, 1985, is contradicted by the actual course of events.

3. Solerwitz argues that "due to the procedural uniqueness of these appeals, the petitioners have never had an opportunity to present their proof of merit to the appeal, or even to submit papers opposing summary affirmance!" In his affidavit, he contends that "[t]he Court thus flatly denied petitioners any opportunity to show how their cases differed from *Cecil."* Once again, his contention founders upon the facts. He filed two briefs for each petitioner, one in 1983 and the other in 1985. He knew in February, 1985, that *Cecil* would control these cases, but the first time he asserted that the cases are distinguishable was in his opposition to the assessment of costs and attorney fees filed in January, 1986.

4. Solerwitz contends that, as "prescribed by law," he should have been permitted ten days in which to respond to Justice's motion for summary affirmance in August, 1985. Rule 27(a) of the Federal Rules of Appellate Procedure entitles any party to file an opposition to a motion for a nonprocedural order within seven days after service of the motion. The motion was filed on August 7 and granted on August 14. Solerwitz never attempted to file any opposition or request additional time to respond, and never sought reconsideration on the ground that he had not been given sufficient time to respond. Indeed, he has not indicated what he would have shown in an opposition that, considering all the circumstances, would have been likely to have caused denial of summary affirmance.

5. Solerwitz complains that his motion to vacate the summary affirmance was rejected by the Clerk for filing on the sole ground that the matter had already been addressed by the Court! This astounding refusal to perform a ministerial

task constitutes the first time your deponent has ever heard of an act so prejudicial as the refusal of a Clerk to accept for filing, on the basis of his impression as to its merits, a document conforming to Court rules.

The Clerk's letter of September 24, 1985, returning the motion to Solerwitz, explained:

> The matters set forth in these motions were foreclosed against the movants when no objection was filed in opposition to respondent's motion to suspend proceedings in these cases, pending the decision in [*Cecil*], on the grounds that the cases were identical with *Cecil.*

In other words, the motion was treated as an attempt to reargue a matter that long since had been laid to rest. If the motion be viewed as a petition to reconsider the summary affirmance, it was untimely because it was not filed within 14 days of that action, as Rule 40 of the Federal Rules of Appellate Procedure required. Solerwitz's motion was filed on September 5, 1985, 22 days after this court granted summary affirmance on August 14, 1985.

6. Finally, Solerwitz asserts:

> In short, it is grossly unfair to sever the *Adams* case and then to levy penalties in only some of the resulting fragments—utterly without respect to which of them were most meritorious. Likewise, the good faith of petitioners' counsel—as well as the assumption of the impartial observer—is undeniable in light of near-universal astonishment at the reinstatement of only a very few of thousands of air traffic controller appellants. No aim of punishment, either deterrence or retribution, can be furthered by imposing a damages award now.

This hyperbolic plea for mercy totally ignores all that has gone before. For the reasons we have given, Solerwitz's excuses and explanations do not justify his pursuit of the frivolous appeals in these cases. His contentions either ignore the course of the proceedings or rest upon factual assumptions that the record does not support.

An award in the nature of a penalty of costs and attorney fees is therefore appropriate. *See* Notes of Advisory Committee, Fed.R.Civ.P. 38. Since Solerwitz obviously is the person responsible for what took place, the award will be made solely against him, and not against him and his clients, as was done in some other cases, one such as *Cecil.*

Accordingly, IT IS ORDERED:

(1) Justice's motion for the award of attorney fees and costs is granted.

(2) Costs and attorney fees are awarded against Jack B. Solerwitz personally in favor of the Department of Justice of $500 in each of these ten cases, for a total of $5,000.

(3) Solerwitz shall pay this amount to the Department of Justice by 5:00 p.m. (EST), May 16, 1986.

(4) Solerwitz shall notify the court within ten (10) days of making such payment.