824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lee A. JOHNSON, Petitioner,
v.
DEPARTMENT OF NAVY, Respondent.
 Appeal No. 87-3019.
 United States Court of Appeals, Federal Circuit.
 April 24, 1987.
 
 Before NIES, Circuit Judge, NICHOLS, Senior Circuit Judge, and BISSELL, Circuit Judge.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket Number PH03518610165, affirming a reduction-in-force (RIF) action by the Department of the Navy (agency), which abolished the tool and cutter grinder position of Lee A. Johnson, Jr. and placed him in a lower grade position, is affirmed.
 
 OPINION
 
 2
 Both before this court and before the Board, Johnson vigorously challenged the bona fides of the agency's RIF action undertaken at the Philadelphia Naval Shipyard (Shipyard) for "lack of work." See 5 C.F.R. Sec. 351.201(a)(1985). He contends that there was no legitimate management reason for the RIF action as there was no lack of work for those employees occupying the positions of tool and cutter grinders. The thrust of Johnson's argument is that although there may have been lack of work for the department as a whole, there was sufficient tool and cutter grinder work available in the department. Johnson asserts that in not retaining those positions and in allowing those occupying the positions of toolmaker to undertake such work, the agency clearly abused its discretion in invoking the RIF regulations to abolish the tool and cutter grinder positions.
 
 
 3
 Johnson does not contest the findings of the presiding official concerning (1) the need for reduced employment at the Shipyard due to its failure to receive additional expected carrier work; (2) the requirement imposed upon each department at the Shipyard to examine its workload and the number of employees needed to accomplish the task of the department; (3) the reduction in work and money for overhead expenditures received by Johnson's department in 1985; (4) the ability of the toolmakers to perform the work of both trades, tool and cutter grinders and toolmakers; or (5) the RIF process whereby the agency considered the expected workload of the shop and the expertise available to perform that work.
 
 
 4
 This court's decision in Gandola v. FTC, 773 F.2d 308 (Fed.Cir.1985), clearly controls. In Gandola, the petitioners also challenged their agency's action in selecting the positions to be eliminated in a RIF on the ground that the agency improperly considered the qualifications of a particular class of employees in deciding which positions to eliminate. There, the petitioners contested the bona fides of the RIF action on the ground that lower grade attorney positions were abolished while higher grade attorney positions were retained. This court held:
 
 
 5
 A. When an agency is required to reduce its staff through a reduction in force, the agency's primary concern is to insure that the remaining staff will be as well qualified as possible to continue effectively to perform the agency's duties. In deciding which 4 attorney positions to eliminate in the Cleveland office, the Commission was required to determine what would be the best structural organization with only 9 attorneys instead of the 13 previously employed. That decision on the composition and structure of the work force reflects the kind of managerial judgment that is the essence of agency discretion, and is not meet for judicial re-evaluation.
 
 
 6
 In determining which positions to eliminate, the Commission appropriately considered the abilities of the existing employees, in order to ascertain the particular organizational structure that offered the greatest likelihood that a smaller staff could effectively continue to perform the agency's mission. The Commission's decision to eliminate four attorney positions at the grade GS-13 and 12 levels rather than at higher levels, because it believed that the higher level attorneys would be best qualified to carry out the responsibilities of the office, was an action within the agency's managerial discretion.
 
 
 7
 Id. at 311 (citations omitted).
 
 
 8
 Hence, the agency must establish only that the RIF regulations were invoked for a legitimate reason pertaining to the agency, or a department, as a whole. Once the agency proves a legitimate reason for the RIF (as it has in this case), the Board must sustain the agency action if the RIF regulations were properly applied to the individual employee (there is no contention here to the contrary). Id. at 313.
 
 
 9
 Johnson further contends that the Board committed reversible error when it limited his discovery and denied his requests for sanctions and for time extensions. In order for the Board's rulings to constitute reversible error, Johnson must show that the Board abused its discretion; the error must have been more than harmless error, impairing Johnson's rights to a substantial degree. See Tiffany v. Department of the Navy, 795 F.2d 67, 70 (Fed.Cir.1986); Dorrance v. Department of Transp., FAA, 735 F.2d 516, 520 (Fed.Cir.1984). Since Johnson has failed to convince us that the alleged errors affected the outcome of his hearing, we reject his unsupported arguments that we should reverse the Board's decision.