878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
COX CONSTRUCTION CO., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1478.
 United States Court of Appeals, Federal Circuit.
 May 16, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Cox Construction Company (Cox) appeals the final decision of the Armed Services Board of Contract Appeals (ASBCA), sustaining the Department of the Air Force's denial of Cox's equitable adjustment claim. Cox Constr. Co., ASBCA No. 34185, 88-2 BCA p 20,553 (Jan. 22, 1988). We affirm.
 
 OPINION
 
 2
 Contract interpretation is a question of law and therefore freely reviewable on appeal. Fortec Constructors v. United States, 760 F.2d 1288, 1291 (Fed.Cir.1985). Our first inquiry is whether an ambiguity exists in the contract. See id. We answer that question in the affirmative. The next question is whether that ambiguity is patent. See Mountain Home Contractors v. United States, 425 F.2d 1260, 1263 (Ct.Cl.1970).
 
 
 3
 Because Cox had an affirmative duty to bring patent ambiguities to the government's attention prior to submitting a bid, Blount Bros. Constr. Co. v. United States, 346 F.2d 962, 973 (Ct.Cl.1965), failure to do so divests Cox of any reliance on the principle that ambiguities in contracts written by the government are held against the drafter. Beacon Constr. Co. of Mass. v. United States, 314 F.2d 501, 504 (Ct.Cl.1963). To be successful on its claim, Cox had the burden to show that the ambiguity is latent, and not patent.
 
 
 4
 Section 16010, Part 1.01(A), Paragraphs 21 and 29 and Section 16610, Parts 2.02, 2.03, and 2.04 of the contract unequivocally provide for three power systems and that the NCR system generator will be furnished by the contractor. The only provisions inconsistent with the foregoing are (1) Section 16610, Part 1.01(A), specifying a government furnished generator for the overall emergency power system but silent as to any work requirements on the NCR system, and (2) Section 16610, Part 2.01, outlining acceptable manufacturers for contract items but silent as to any acceptable generator manufacturer. Absent these provisions, which make no reference to an NCR system generator supplied by the contractor, the contract is unambiguous. These silent provisions, when read in conjunction with the provisions that expressly indicate the contractor is to furnish the NCR system generator, make the contract patently ambiguous.
 
 
 5
 Cox's contention that the Board committed reversible error by refusing to rule on its motion to strike portions of the Air Force's post-hearing brief is also without merit. The administrative judge orally denied Cox's motion and Cox has failed to establish that its rights were substantially impaired by this denial. See Dorrance v. Department of Transportation, 735 F.2d 516, 520 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984).
 
 
 6
 Judge Nies does not find the contract ambiguous and concurs in the result on the basis of the Board's opinion.