19 F.3d 40
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert A. BRAY, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 93-3531.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1994.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert A. Bray petitions for review of the decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SE315H930047-I-1, dismissing his appeal from a termination decision of the Federal Aviation Administration (FAA), Department of Transportation (DOT), for lack of jurisdiction. We affirm.
 
 
 2
 After a period of employment with DOT, Mr. Bray was assigned to the position of Air Traffic Assistant, GS-07 (ATA-7) on August 16, 1987. On November 3, 1991, Mr. Bray was appointed to the FAA's Flight Service Station, Bethel, Alaska, as a Developmental Air Traffic Control Specialist (DATCS), GS-07 (DATCS-7). The appointment was "career-conditional" upon successful completion of a one-year probationary period. On May 31, 1992, Mr. Bray was promoted to DATCS, GS-09 (DATCS-9). On June 8, 1992, he was "detailed" to the position of full performance level journeyman ATCS, GS-10 (ATCS-10). Mr. Bray's position of record, however, remained DATCS-9. Effective October 16, 1992, within one year of his DATCS-7 appointment, Mr. Bray was terminated.
 
 
 3
 After Mr. Bray appealed his termination to the MSPB, the government moved to dismiss, arguing that the MSPB lacked jurisdiction because Mr. Bray was a probationary employee at the time of his termination and that he had failed to allege that his termination was based on either partisan political reasons or marital status discrimination. 5 C.F.R. Secs. 315.801(a), .806 (1992). In opposition to the motion, Mr. Bray argued that the Board had jurisdiction because his prior ATA-7 service was in "the same line of work" as his DATCS positions, such that he was no longer within the one-year probationary period when he was terminated. The Administrative Judge (AJ) then assigned to the case (AJ1) denied the motion to dismiss, ruling that Mr. Bray had qualified for a jurisdictional hearing on the matter. AJ1 also rejected the government's argument that, for purposes of the "same line of work" argument, the ATA-7 position should be compared to the ATCS-10 because Mr. Bray "was not selected for a full performance [ATCS-10] position, but rather was serving in a developmental [DATCS] position," and because of the apparent "significant difference[s] between the duties and responsibilities of the two positions." Bray v. Department of Transp., No. SE315H930047-I-1, slip op. at 2 (MSPB Dec. 16, 1992) (order denying motion to dismiss).
 
 
 4
 At about this point in time, a different AJ (AJ2) acquired responsibility over the case. In a prehearing conference, AJ2 ruled that
 
 
 5
 the proper comparison position was the [DATCS-9] position because that was [Mr. Bray's] permanent position [of record] at the time he was terminated and he was still serving the probationary period that commenced when he was converted to [the DATCS-7] position.
 
 
 6
 Bray v. Department of Transp., No. SE315H930047-I-1, slip op. at 1-2 (MSPB Mar. 2, 1993) (prehearing conferences). AJ2 then ruled that "unless absolutely necessary to make the comparison between the [ATA-7] position and the [DATCS-9] position, [AJ2] would not take any evidence on the [DATCS-7] position." Id., slip op. at 2.
 
 
 7
 After holding the subsequent jurisdictional hearing, AJ2 granted the government's motion to dismiss, reasoning that "[t]he ATA position is not in the 'same line of work' for purposes of tacking on to [a DATCS] probationary period." In so ruling, AJ2 specifically found (emphasis in original):
 
 
 8
 Both the [DATCS-7 and DATCS-9 Position Descriptions (PDs) ] indicate that the positions are developmental and that the incumbent must pass training requirements.... The [DATCS-7] PD prescribes four kinds of "station support work".... The [DATCS-9] PD adds a variety of "preflight duties."
 
 
 9
 There are significant differences between the critical elements of the "Position Performance Standards" for [ ] an ATA and [a DATCS]....
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 An ATA could not step into any [DATCS] position "without significant training and undue interruption to the work program." This is clear merely from examining the training programs for the two positions....
 
 
 13
 Bray v. Department of Transp., No. SE315H930047-I-1, slip op. at 8-9 (MSPB Mar. 2, 1993) (initial decision). On August 3, 1993, the full Board denied Mr. Bray's subsequent petition for review. Mr. Bray timely appealed to this court.
 
 
 14
 We review the Board's decision under a narrow standard, and must affirm unless the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 15
 Prior federal service can be counted toward completion of an employee's probationary period if it was, inter alia, "in the same line of work." See, e.g., Aizin v. Department of Defense, 52 M.S.P.R. 146, 149-50 (1991). This court has previously defined the "same line of work" as contemplating "positions that involve related or comparable work that requires the same or similar skills." Mathis v. United States Postal Serv., 865 F.2d 232, 234 (Fed.Cir.1988). For an otherwise probationary employee to benefit from prior service, he must be able to establish his ability to be interchanged between the two positions "without significant training and without unduly interrupting the work program." Yancey v. Department of Army, 32 M.S.P.R. 606, 609 (1987). Finally, "the nature and character of the duties being performed controls over intent or job titles." Aizin, 52 M.S.P.R. at 150.
 
 
 16
 The determination may be made by considering whether one position: (1) requires greater knowledge or more specialized skills and abilities, Haning v. United States Marine Corps, 31 M.S.P.R. 252, 254 (1986); Shobe v. United States Postal Serv., 5 M.S.P.R. 466, 471-72 (1981); (2) has significant additional duties and responsibilities, Yancey, 32 M.S.P.R. at 609-10; and/or (3) is supervised in a significantly different manner, Schmidt v. United States Postal Serv., 42 M.S.P.R. 563, 568 (1989). One should also consider, inter alia, whether the two positions: (4) require the same qualifications; and/or (5) are in the same competitive level for reduction-in-force (RIF) purposes. See Raman v. Department of Housing & Urban Dev., 34 M.S.P.R. 428, 431-32 (1987), aff'd, 845 F.2d 1034 (Fed.Cir.1988) (table); see also Federal Personnel Manual, ch. 315 APA, sub-Sec. A-3 (1989) (counting service toward completion of probationary period).
 
 
 17
 Mr. Bray argues on appeal that AJ2 committed legal error in ruling that the ATA-7 position would be compared to the DATCS-9 position, rather than to the DATCS-7 position to which he was originally appointed. We need not decide whether AJ2's legal ruling was correct, however, for the purpose of resolving whether the ATA-7 position was in the "same line of work" as the DATCS positions, because AJ2 found that the ATA-7 position was sufficiently different from both the DATCS-7 and DATCS-9 positions that it could not qualify as "in the same line of work." Thus, any error committed by AJ2 was harmless.
 
 
 18
 Mr. Bray nevertheless argues that this finding is not supported by substantial evidence because AJ2 ruled at the outset that evidence on the DATCS-7 position would not be admitted. Contrary to Mr. Bray's suggestion on appeal, this finding is supported by substantial evidence, despite AJ2's order on the matter. The record on appeal contains, inter alia, the Position Description for the DATCS-7, a document that details the level of supervision exercised over a DATCS-7 and the principal duties and responsibilities thereof, including duties related to weather observation, radio broadcast, flight data transmission and teletypewriter operation. Based thereon, and also on testimony comparing the responsibilities of the two DATCS positions, AJ2 found that "[t]he position descriptions are consistent with a qualitative distinction between the [ATA-7 and the DATCS] positions." Bray v. Department of Transp., slip op. at 8; see also id., slip op. at 6 n. 14 ("[T]he differences between [DATCS-7] and [DATCS-9], both developmental stages of an 'up or out' training program, were relatively insignificant for purposes of the [ATA-7] comparison.").
 
 
 19
 Moreover, Mr. Bray argued on petition to the full Board that AJ2 committed legal error in failing to compare the ATA-7 position to the DATCS-7 position only because his promotion to DATCS-9 was improper, since he had held the DATCS-7 position for less than 52 weeks. Mr. Bray thus did not argue that AJ2 erred because the DATCS-7 position is in actuality substantially different from the DATCS-9 position. We therefore need not consider any argument on appeal to the effect that the two DATCS positions are qualitatively different because this court does not decide issues that were not presented to the Board. See, e.g., Cecil v. Department of Transp., 767 F.2d 892, 894 (Fed.Cir.1985) (petitioner precluded on appeal from raising issue not raised below); Lizut v. Department of Army, 717 F.2d 1391, 1396 (Fed.Cir.1983) (petitioner's claims on appeal not considered due to failure to exhaust administrative remedies).
 
 
 20
 Finally, citing 5 C.F.R. Sec. 300.604(b) (1993), Mr. Bray again argues that his promotion to DATCS-9 was illegal because he held the DATCS-7 position for less than 52 weeks. We disagree. There is no requirement in section 300.604(b) that the durational prerequisites to promotion must be satisfied by tallying time served in only the immediately preceding position. Rather, the regulation specifically reads: "Candidates for advancement ... must have completed a minimum of 52 weeks in positions: (1) No more than two grades lower...." (emphasis added).
 
 
 21
 Because there is substantial evidence to support each of AJ2's findings made during this extremely fact-intensive inquiry, and because Mr. Bray's other arguments on appeal are considered to be without merit, we affirm the MSPB's decision to dismiss for lack of jurisdiction.