NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3046

MITCHELL A. LEVINSKY,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  December 8, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and PROST, <u>Circuit Judges</u>.

MICHEL, <u>Chief Judge</u>.

Mitchell A. Levinsky petitions for review of the final decision of the Merit Systems Protection Board ("Board") reinstating Levinsky's removal from his position as an Immigration Judge.  For the reasons discussed below, we <u>affirm</u>.

## I.    BACKGROUND

The Executive Office for Immigration Review ("EOIR"), an office within the Department of Justice, employed Mitchell A. Levinsky as an Immigration Judge, starting in November 1995.  Levinsky's judicial duties included presiding over deportation proceedings at Downstate Correctional Facility ("DCF") in Fishkill, NY, for aliens who had been convicted of serious felony offenses.  In 1999, Mercedes Cesaratto, a trial

attorney assigned to the DCF, raised with her supervisor allegations of misconduct by Levinsky. Ms. Cesaratto's supervisor relayed these allegations to the EOIR, which referred them to the Office of Professional Responsibility ("OPR"). On March 28, 2000, Ms. Cesaratto filed a discrimination complaint with the Equal Employment Opportunity Office ("EEOO") alleging that Levinsky had discriminated against her on the basis of sex, religion, race, and national origin by subjecting her to a hostile and discriminatory work environment. The EEOO, EOIR, and OPR, all within the Department of Justice, separately investigated the allegations of misconduct.

On May 12, 2000, the EOIR issued its investigative report finding that Levinsky had engaged in communications that appeared to be offensive and inappropriate. On April 24, 2001, the EEOO issued a final decision finding that Levinsky had subjected Ms. Cesaratto to a discriminatory hostile work environment, in violation of Title VII, from September 1998 to October 1999 ("hostile work environment misconduct"). The hostile work environment misconduct is separate and distinct from the EOIR findings of misconduct. The OPR issued its investigative report on September 23, 2002, finding that Levinsky had engaged in professional misconduct (e.g., by expressing prejudiced opinions about various ethnic groups) or had exercised poor judgment (e.g., by using profanity in the courtroom) and recommending a suspension of seven to twenty days, sensitivity training, and regular monitoring of Levinsky's courtroom behavior.

On November 4, 2002, Chief Immigration Judge Michael J. Creppy, Levinsky's second-level supervisor, proposed that Levinsky be discharged for repeated use of (1) sexist and ethnically insensitive generalizations and (2) profanity ("EIOR charges of misconduct"). The EOIR charges of misconduct did not include the hostile work

environment misconduct recited in the EEOO final decision. On July 1, 2003, David Margolis, the deciding official, sustained both EIOR charges leveled by Chief Immigration Judge Creppy and, rejecting the OPR's recommendation of a suspension, effected Levinsky's immediate removal. Letter from David Margolis, Assoc. Deputy Attorney Gen., U.S. Dep't of Justice, to Mitchell A. Levinsky, Immigration Judge, EOIR (July 1, 2003) ("Removal Letter"). Levinsky appealed his removal to the Board. In an Initial Decision dated June 30, 2004, Administrative Judge Barry G. Booker mitigated Levinsky's removal to a 60-day suspension. Levinsky v. Dep't of Justice, No. NY-0752-03-0329-I-1, slip op. (M.S.P.B. June 30, 2004) ("Initial Decision").

The agency petitioned for full board review of the Initial Decision. The Board accepted the petition and modified the Initial Decision on September 9, 2005, by reinstating Levinsky's removal. Levinsky v. Dep't of Justice, 99 M.S.P.R. 574 (2005). Levinsky filed a timely appeal with this court. We have jurisdiction under 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II.    DISCUSSION

Our review of MSPB decisions is limited by statute. Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999) (citing 5 U.S.C. § 7703(c)). Administrative Judge Booker mitigated the removal penalty to a suspension after finding that (1) the removal decision was significantly based on the hostile work environment misconduct

(i.e., misconduct with which the EOIR had not charged Levinsky) and (2) the agency had failed to give proper weight to Levinsky's subsequent good behavior and potential for rehabilitation. Initial Decision at 74; see <u>Douglas v. Veterans Admin.</u>, 5 M.S.P.R. 280, 285, 305 (1981) (discussing mitigation factors and the Board's authority to mitigate penalties).

However, upon review of the Initial Decision, the full Board found that (1) the uncharged hostile work environment misconduct was not a material factor in the agency's decision to remove Levinsky and (2) Levinsky's potential for long-term rehabilitation was unproven and uncertain. With respect to the hostile work environment misconduct, the Board based its decision in part on its review of the deciding official's Removal Letter, which did not mention the EEOO's finding of hostile work environment misconduct, and its review of the testimony of the deciding official, who testified that in his penalty determination he had considered "nothing other than the 'specific utterances' and instances of profanity that were cited [in the removal proposal letter] as bases for the charges." <u>Levinsky</u>, 99 M.S.P.R. at 581. The Removal Letter states in relevant part:

> Having sustained the [EOIR] charges, I must now select an appropriate penalty. My decision is guided by the so-called 'Douglas' factors, *see Douglas v. Veterans Admin.*, 5 M.S.P.R. 313 [sic] (1981), a non-exhaustive list of relevant sanction considerations established by the Merit Systems Protection Board ("MSPB"). The proposing official recommended that you be discharged from the federal service based on his own analysis of the *Douglas* factors. In articulating his reasoning, he observed . . . .
>> While an isolated instance of uttering a profanity under compelling circumstances might be excused, your repeated use of profanity cannot be excused. The use of sexist and ethnically insensitive generalizations in court, where the individuals appearing before you are seeking asylum to escape persecution on those very bases, could never be excused. The fact that such objectionable

> statements by you were so frequently repeated indicates that you are unlikely to permanently change your behavior and, therefore, the likelihood of your rehabilitation is small.
>
> Proposal Letter at 2.
>
> I find myself in complete agreement with these statements. The reputations of both EOIR and DOJ are compromised by your continued presence as an immigration judge.

Removal Letter at 5.

With respect to the rehabilitation factor, the Board based its decision in part on the testimony of percipient witnesses who testified that Levinsky's attempts to modify his courtroom profanity and otherwise improper conduct after hearing complaints were short-lived. Levinsky, 99 M.S.P.R. at 583. Failing to find factors that compelled or adequately supported mitigation, the Board concluded that the agency's removal of Levinsky did not exceed the bounds of reasonableness and thus reinstated the agency's choice of penalty of removal. Id. at 587. Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise improper, we cannot disturb the Board's result.

In arguing against his removal, Levinsky asserts that (1) the nearly 30-month delay between May 12, 2000, when the agency became aware of the misconduct that formed the basis of his removal, and November 4, 2002, the date of the proposal for his removal, was a violation of his due process rights and (2) the agency failed to follow its own procedures when it disregarded the OPR's recommendation for a short suspension. The agency objects to our considering the first argument on the grounds that it was not raised below. The government correctly asserts that generally arguments not raised before the administrative judge or the Board may not subsequently be raised before this court. Henry v. Dep't of the Navy, 902 F.2d 949, 953

(Fed. Cir. 1990); see also Cecil v. Dep't of Transp., FAA, 767 F.2d 892, 894 (Fed. Cir. 1985) (discussing waiver of new issues that generally cannot be raised for the first time on appeal). Because Levinsky failed to raise delay[1] as a violation of his due process rights before Administrative Judge Booker or before the Board on review of the Initial Decision, we hold that Levinsky has waived this argument.

Levinsky asserts that the agency violated its own policy when it made an "upward departure" (from suspension to removal) from the OPR's recommendation. Because the full Board does not address whether the "upward departure" was a violation of internal agency procedures, the argument appears to have been waived. However, because we lack Petitioner's submissions to the Board and because the agency does not object to our hearing Levinsky's argument on the grounds of waiver, we will address it.

To the extent that the argument is not waived, we do not find Levinsky's argument to be persuasive. For example, Levinsky does not cite any formal internal policy the agency violated. Instead, Levinsky merely cites the testimony of deciding official David Margolis, who testified (before Administrative Judge Booker) that the OPR's recommendation was generally binding. Initial Decision at 67 (emphasis added). Levinsky ignores Mr. Margolis' testimony that there was a regulatory mechanism in place authorizing Mr. Margolis to override the OPR's recommendation and that under Department procedures, the final authority for departing from the OPR's recommended penalty was vested in him as an Associate Deputy Attorney General. Id. To the extent

---

[1] Although Levinsky raised lack of notice as grounds for a due process violation before Administrative Judge Booker, he did not raise delay as a separate basis for this violation. Moreover, Levinsky did not challenge before the full board Judge Booker's finding that he had been accorded minimum due process.

that Mr. Margolis' testimony involves agency interpretation of its regulations or policies, we accord that interpretation broad deference. Gose v. United States Postal Serv., 451 F.3d 831, 837 (Fed. Cir. 2006) ("We defer even more broadly to an agency's interpretations of its own regulations than to its interpretation of statutes, because the agency, as the promulgator of the regulation, is particularly well suited to speak to its original intent in adopting the regulation.") (internal citations omitted).

Additionally, the agency cites to Memorandum 45.5 as support for the proposition that Mr. Margolis had the authority to depart from the OPR's recommendation. Memorandum 45.5 provides in relevant part:

> [I]f the disciplinary official decides to take an action that is outside the range recommended by the OPR (whether it is harsher or more lenient), he or she must notify Associate Deputy Attorney General David Margolis in advance of implementing that decision.

Memorandum from the Deputy Attorney Gen. to All Component Heads and All United States Attorneys (Nov. 23, 1994). Here, Mr. Margolis, as the deciding official, was aware of and in fact ordered Levinsky's removal. Therefore, Levinsky does not convince us that Mr. Margolis' exercise of his final authority to go above the OPR's recommended suspension penalty and remove Levinsky was a violation of agency procedures. Moreover, Levinsky ignores that the Chief Immigration Judge recommended removal.

Having considered all of the arguments presented by Levinsky, we discern no basis for the reversal of the Board's decision.